UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
PATRICIA ANNE FARRELL,

        Plaintiff,

  -against-                  **MEMORANDUM AND ORDER**
                                   Case No. 22-CV-3505 (FB)
KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
---------------------------------------------------x

*Appearances:*
For the Plaintiff:
JOHN W. DEHAAN
The DeHaan Law Firm P.C.
300 Robro Drive East, Suite 101
Hauppauge, New York 11788

For the Defendant:
SERGEI ADEN
Special Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Patricia Anne Farrell seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Farrell's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings.

**I**

      In 2015, while working as a nurse, Farrell was assaulted, which inflamed her

pre-existing psychiatric issues resulting from a traumatic incident she suffered as a child.  Since the 2015 assault, Farrell has suffered from a plethora of mental problems.

Farrell applied for DIB on November 6, 2019, alleged an onset date of April 27, 2017.  Her claim was initially rejected on February 5, 2020, and upon reconsideration was denied once again on July 21, 2020.  The claimant then filed a written request for a hearing before an administrative law judge ("ALJ"), which took place on November 19, 2020.

After the hearing, the ALJ issued a decision finding that Farrell was not disabled and therefore not entitled to benefits.  The ALJ found that Farrell suffered from post-traumatic stress disorder ("PTSD") and depression, but that the severity of her impairments did not meet the level of severity required for a presumptively disabling impairment under the Commissioner's regulations.  *See* 20 C.F.R. part 404, Subpart P, Appendix 1.  Therefore, the ALJ determined Farrell's residual functional capacity ("RFC").  She found that Farrell retained the ability to perform a full range of work at all exertional levels, but with certain non-exertional limitations.  Specifically, the ALJ stated that "the claimant can perform simple routine tasks, can sustain concentration for simple routine tasks, can maintain a schedule, can make simple work-related decisions, can occasionally adapt to changes in the work setting, and can occasionally interact with supervisors,

coworkers, and the public." AR at 16. With the assistance of a vocational expert ("VE"), the ALJ then found that Farrell could perform jobs that exist in significant numbers in the national economy.

This decision became a final decision of the Commissioner when the Appeals Council denied Farrell's request for review. She timely filed this action for judicial review.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports a decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). Substantial evidence has been defined as "more than a mere scintilla." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). It requires such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.*

Social Security hearings are not adversarial in nature. *See Lamay v. Astrue*, 562 F.3d 503, 508 (2d Cir. 2009). Unlike a trial judge, an ALJ must affirmatively develop the record. *See id.* The Court finds that the ALJ failed to do so in this case.

The sole medical expert regarding Farrell's psychological impairments was Dr. Koocher, who testified at the hearing that Farrell was markedly impaired in "her interaction with others and ability to manage herself." Pl.'s Mem. of Law at 13.

3

However, he could not offer an opinion as to Farrell's functional capacity after June 2018 "because he didn't have any good records at the time."  *Id.*  Provided with documentary evidence, Dr. Koocher opined that Farrell's impairments were "moderate and mild."  *Id.*  Crucially, however, those documents covered only the period from January to November 2020.

In other words, while there is some evidence that Farrell's condition improved at some point, there is no evidence as to when between June 2018 and November 2020 that improvement occurred.  The ALJ should have developed the record on that issue, either with additional medical evidence or, failing that, by questioning Farrell.

In that regard, the ALJ noted that Farrell "reported activities of daily living [that] indicate that she is functioning well on a day-to-day basis":  "the claimant has a dog she helps take care of" and "can walk, ride in a car, and drive and shop twice a week."  Tr. at 20.  These "mundane tasks of life . . . do not indicate that [Ferrell] is able to perform a full day of [sedentary] work."  *Polidoro v. Apfel*, 1999 WL 203350, at *8 (S.D.N.Y. Apr. 12, 1999); *see also Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1988) (periodically driving and attending church did not support finding of non-disability).

### III

Farrell's motion for judgment on the pleadings is granted, the Commissioner's

4

cross-motion for judgment on the pleadings is denied, and the case is remanded for further proceedings in accordance with this order.

**SO ORDERED.**

        /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 7, 2023